# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LITTLE CAESAR ENTERPRISES, INC.,
  a Michigan corporation, and
LC TRADEMARKS, INC.,
  a Michigan corporation,

        Plaintiffs,

v.                                        Case No. _____

GREYSTONE HOLDINGS, LLC,
  a Texas limited liability company,
LC 7TH STREET, LLC,
  a Texas limited liability company,
LC OAKHILL, LLC,
  a Texas limited liability company,
JEFFREY PHILLIPS,
  a Texas citizen, and
ALEXANDRA PHILLIPS,
  a Texas citizen,

        Defendants.

## **COMPLAINT**

This is an action for breach of a Settlement Agreement, trademark and trade dress infringement, and unfair competition based upon Defendants' unlicensed operation of their former Little Caesar restaurants. Plaintiffs (collectively "Little Caesar") seek a determination that Defendants breached the Settlement Agreement between the parties and that Defendants' continued use and enjoyment of

Plaintiffs' trademarks, trade names, and trade dress are in violation of the Lanham Act, 15 U.S.C. §§ 1114, *et seq.*  Plaintiffs seek injunctive relief barring Defendants from the continued use of Plaintiffs' proprietary marks.  They also seek monetary and other relief against Defendants for the reasons set forth below.

## THE PARTIES

1.  Plaintiff Little Caesar Enterprises, Inc. is a Michigan corporation with its principal place of business at 2211 Woodward Avenue, Detroit, Michigan.  It is engaged in the business of franchising independent businesspersons to operate Little Caesars restaurants throughout the United States and in seventeen (17) foreign countries and United States territories.  Little Caesar's franchisees are licensed to use the trade names, service marks, and trademarks of Little Caesar and to operate under the Little Caesar System, which involves the production, merchandising, and sale of pizza and related products utilizing special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks, and information.

2.  Plaintiff LC Trademarks, Inc. is a Michigan corporation with its principal place of business at 2211 Woodward Avenue, Detroit, Michigan.  LC Trademarks, Inc. is the owner of the trademarks, service marks, and trade name

"Little Caesar" and related marks. It licenses these marks to Plaintiff Little Caesar Enterprises, Inc., which in turn licenses them to Little Caesar franchisees.

3. Defendant Greystone Holdings, LLC is a Texas limited liability company with a principal place of business in Austin, Texas. Upon information and belief, each of Greystone Holdings, LLC's members is a citizen and resident of the state of Texas. Greystone Holdings, LLC owned and operated five LITTLE CAESARS franchises located in and around Austin, Texas (Store Nos. 1350-001, 1350-002, 1350-004, 1350-005, and 1350-006), pursuant to Franchise Agreements with Little Caesar.

4. Defendant LC 7th St, LLC is a Texas limited liability company with a principal place of business in Austin, Texas. Upon information and belief, each of LC 7th Street, LLC's members is a citizen and resident of the state of Texas. LC 7th Street, LLC owned and operated a LITTLE CAESARS franchise located in Austin, Texas (Store No. 1350-007), pursuant to a Franchise Agreement with Little Caesar.

5. Defendant LC Oakhill, LLC is a Texas limited liability company with a principal place of business in Austin, Texas. Upon information and belief, each of LC Oakhill, LLC's members is a citizen and resident of the state of Texas. LC Oakhill, LLC owned and operated a LITTLE CAESARS franchise located in

3

Austin, Texas (Store No. 1350-008), pursuant to a Franchise Agreement with Little Caesar.

6. Defendant Jeffrey Phillips is a natural person and a citizen and resident of the State of Texas. Upon information and belief, he is a member of each of the defendant corporations. He personally guaranteed the obligations of those entities under their Franchise Agreements with Little Caesar, pursuant to executed personal guarantees.

7. Defendant Alexandra Phillips is a natural person and a citizen and resident of the State of Texas. She personally guaranteed the obligations of Defendant LC Oakhill, LLC under its Franchise Agreement with Little Caesar, pursuant to an executed personal guarantee. Defendants Greystone Holdings, LLC; LC 7th St, LLC; LC Oakhill, LLC; Jeffrey Phillips, and Alexandra Phillips are collectively referred to as the "Phillipses."

## **JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to Sections 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a) & 1121; and 28 U.S.C. §§ 1331, 1332(a), 1338, and 1367(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has *in personam* jurisdiction over the Phillipses because they engaged in business in this District, and some of the events giving rise to Plaintiffs' claims occurred in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

11. In addition, venue is proper pursuant to a forum selection clause in the Settlement Agreement between the parties, which permits Little Caesar to bring this action in this District, where its principal place of business is located. Under the Settlement Agreement, the Phillipses also waived all questions of personal jurisdiction.

## BACKGROUND FACTS

### The Little Caesar System

12. Little Caesar Enterprises, Inc. is the franchisor of the Little Caesar System.

13. LC Trademarks, Inc. owns numerous federal registrations for the mark "Little Caesar" and related marks. Among those registrations are Registration Nos. 842,596; 2,036,763; 842,595; 2,028,607; 2,259,637 and others. Each of these registrations is in full force and effect, and is incontestable pursuant to 15 U.S.C. § 1065.

14. Little Caesar has the exclusive license to use and license others to use its marks and trade name and has used them continuously at all times relevant to

5

this action to identify its restaurants, and the pizza and other products associated with those restaurants.

15. The trade dress of Little Caesar restaurants includes the signage, lettering style, color scheme, exterior appearance, floor plans, and decor (including, without limitation, menu boards, display racks, and servers' uniforms) that are featured at the restaurants operated by Little Caesar franchisees.

16. The Little Caesar trade dress consists of arbitrary embellishments primarily adopted for the purpose of identification and individuality, and is nonfunctional.

17. The Little Caesar trademarks and trade dress are utilized in interstate commerce.

18. The Little Caesar marks have been widely advertised and promoted by Little Caesar over the years. Little Caesar, through its franchise system, has expended millions of dollars to advertise and promote its marks. As a result of extensive sales, advertising, and promotion of items identified by the Little Caesar marks, the public has come to know and recognize the Little Caesar marks and to associate them exclusively with the products and services offered by Little Caesar and its franchisees. The Little Caesar marks are assets of inestimable value to Little Caesar, representing and embodying Little Caesar's considerable goodwill and favorable reputation.

## **Settlement Agreement**

19. The Phillipses previously owned and operated seven Little Caesars franchises in and around Austin, Texas.

20. In December 2017, Little Caesar terminated the Franchise Agreements for the franchises because the Phillipses, despite having been given notice and the opportunity to cure, failed to comply with applicable standards for health, safety, and sanitation and failed to submit required financial information to Little Caesar. These breaches constituted material defaults of the Franchise Agreements and provided grounds for termination.

21. The December 2017 Notice of Franchise Termination informed the Phillipses that Little Caesar would not enforce the termination by itself, but instead would submit the matter to a court for judicial enforcement. The Phillipses elected to continue to operate their franchises pending judicial enforcement of the termination. While doing so, they continued to commit defaults under their Franchise Agreements.

22. Accordingly, Little Caesar again terminated the Phillipses' Franchise Agreements in March 2018 based on their continuing defaults under the Franchise Agreements.

23. On April 25, 2018, Little Caesar filed a lawsuit in this Court against the Phillipses to enforce the termination of the Franchise Agreements. *Little*

*Caesar Enterprises, Inc., et al. v. Greystone Holdings, LLC, et al.*, No. 2:18-cv-11296-DML-SDD.

24. The parties later reached a settlement and entered into a written Settlement Agreement in July 2018 to resolve the dispute. The case was dismissed.

25. Pursuant to Paragraph 3.A. of the Settlement Agreement, the Phillipses agreed to submit, on or before September 17, 2018, a fully executed Purchase and Sale Agreement(s) for the sale of each of their Stores to a transferee approved by Little Caesar.

26. The Phillipses also agreed in Paragraph 2.A of the Settlement Agreement that they would pay Little Caesar $5,473.00 upon the earlier of the closing of the sale of any of their franchises or September 17, 2018. The Phillipses executed a promissory note for this amount, which was attached to the settlement agreement as Exhibit A.

27. The Phillipses agreed, in accordance with Paragraph 4 of the Settlement Agreement, that in the event they failed to meet the transfer deadline, they would deidentify the untransferred Store(s) (i.e., remove all indicia of Little Caesar's trademarks, trade names, and trade dress) and comply with their post-termination obligations under the Franchise Agreement.

28. Pursuant to Paragraph 5 of the Settlement Agreement, the Phillipses executed Termination of Franchise Agreement and Release forms for all of their Franchises, which were held in escrow by counsel for Little Caesar. In the event of a non-sale, Little Caesar had the right to execute these forms and release them from escrow.

29. Further, pursuant to Paragraph 7.E. of the Settlement Agreement, Little Caesar has the right to elect its remedy in the event of a material breach of the Settlement Agreement:

> <u>Remedies</u>: In the event of a material breach of this Agreement by PHILLIPS by failing (1) to pay monies due under this Agreement, or (2) to comply with any of the other terms of the Franchise Agreements, or any other agreements between PHILLIPS and LCE, LCE may elect either to sue under this Agreement, or under the Franchise Agreements that are the subject of this Agreement, or both.

30. Pursuant to Paragraph 7.E. of the Settlement Agreement, the Phillipses agreed:

> [I]n the event that PHILLIPS breach its obligation . . . to deidentify any of the Franchises pursuant to Paragraph 4 herein, and LCE elects to file suit under this Agreement, then all parties acknowledge that LCE, if successful, is entitled to specific performance of those obligations and that PHILLIPS shall not contend that the breach is compensable in monetary damages.

31. Paragraph 7.E. of the Settlement Agreement further provides: "In no event shall PHILLIPS be entitled to remain in any franchise relationship or use

9

LCE's trademarks, trade names, or trade dress beyond the Deidentification Date, unless extended by the terms of this Agreement."

32. In Paragraph 4.C. of the Settlement Agreement, the Phillipses agreed that "any unauthorized use or continued use of any of the methods, trademarks, trade secrets, and proprietary marks after the later of the sale of the Franchise(s), the assignment of the lease(s) for the Franchise premises, or the Deidentification Date shall constitute irreparable harm to LCE, entitling LCE to injunctive relief."

33. Pursuant to Paragraph 7.E. of the Settlement Agreement, the Phillipses agreed that they would indemnify Little Caesar for all legal costs, including attorneys' fees, incurred in enforcing the Settlement Agreement.

34. Under Paragraph 7.N. of the Settlement Agreement, the Phillipses agreed that the Settlement Agreement shall be interpreted under the laws of the State of Michigan and that any legal proceedings shall be brought in the federal court covering the location at which Little Caesar has its principal place of business at the time the action is commenced, which is the United States District Court for the Eastern District of Michigan.

**Post-Termination Obligations Under the Franchise Agreement**

35. The Phillipses agreed that if the Franchise Agreement was terminated, they would "immediately cease to operate" the restaurants and would "not

10

thereafter, directly or indirectly, represent to the public or hold [themselves] out as a present or former franchisee of Little Caesar." (*Id.* § 14.1.)

36. In addition, the Phillipses agreed that they would immediately and permanently cease to use, in any manner whatsoever, any trade secrets, confidential methods, procedures, and techniques associated with the Little Caesar System or proprietary marks. (*Id.* § 14.2.)

37. They also agreed to return all confidential manuals and other confidential information of Little Caesar. (*Id.* § 14.9.)

38. The Phillipses agreed that upon termination or expiration they would not use any designation, description, or representation that falsely suggests or represents an association or connection to Little Caesar. (*Id.* § 14.5.)

39. The Phillipses agreed to a reasonable post-termination covenant against competition, which states that they may not, directly or indirectly, for themselves or through, on behalf of, or in conjunction with any person, persons, or legal entities "own, maintain, advise, operate, engage in, be employed by, make loans to, or have any interest in or relationship or association with a business which is a quick or fast service restaurant engaged in the sale of pizza, pasta, sandwiches, chicken wings, and/or related products," for a continuous uninterrupted period of one (1) year in the designated market area of any Little Caesar restaurant and two

(2) years in the designated market areas in which the Phillipses restaurants were located. (*Id.* § 15.3.)

40. The Phillipses also agreed that they would pay to Little Caesar all damages, with interest, costs, and expenses, including reasonable attorneys' fees, incurred by Little Caesar in enforcing the Phillipses' post-termination obligations and the covenants contained in Section 15 of the Franchise Agreement. (*Id.* § 15.4.)

41. Defendant Jeffrey Phillips agreed to be personally bound by the obligations of each of the defendant corporations. Defendant Alexandra Phillips agreed to be personally bound by the obligations of Defendant LC Oakhill, LLC. As guarantors, they have financially benefited from the economic activity of the defendant corporations by whose obligations they agreed to be personally bound, and each is jointly and severally liable for the acts of the corporations by whose obligations they agreed to be personally bound as those acts are set forth in this Complaint.

### The Phillipses' Breaches of the Settlement Agreement

42. Despite Little Caesar agreeing to multiple extensions to afford the Phillipses additional time to transfer the restaurants, the Phillipses failed to close on the sale of the restaurants. They also failed to make a payment of $5,743.00 by the applicable deadline.

43. Accordingly, Little Caesar sent to the Phillipses a Notice of Breach of July 2018 Settlement Agreement dated November 26, 2018, notifying the Phillipses that: (1) they were in breach of the Settlement Agreement; (2) Little Caesar was signing and releasing the Termination of Franchise Agreement and Release forms for each of the franchises from escrow; and (3) they were required to deidentify the restaurants.

44. The Phillipses have refused to deidentify the restaurants as required under the Settlement Agreement and Franchise Agreement.

45. The Phillipses have also failed to pay all monies due to Little Caesar under the Settlement Agreement and Franchise Agreement.

46. They have also refused to comply with their post-termination obligations and continue to operate pizza restaurants at these locations. The Phillipses actions are in violation of the terms of the Settlement Agreement, the terms of the Franchise Agreement, and applicable law.

## COUNT I
## Breach of Contract

47. The allegations of paragraphs 1 through 46 are hereby incorporated by reference.

48. The conduct described in this Complaint constitutes material breaches of the contractual provisions of the Franchise Agreement and Settlement Agreement.

49.     As a direct and proximate result of these actions, Little Caesar has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

## COUNT II
## Trademark Infringement

50.     The allegations of paragraphs 1 through 49 are hereby incorporated by reference.

51.     The use in commerce of Little Caesar's trademarks and trade name by the Phillipses outside the scope of the Franchise Agreement and without Little Caesar's consent is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of the Phillipses are licensed, franchised, sponsored, authorized, or otherwise approved by Little Caesar.  Such unauthorized use of Little Caesar's trademarks and trade name infringes its exclusive rights in its trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and applicable state law.

52.     The acts of the Phillipses were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

53.     As a direct and proximate result of the Phillipses' actions, Little Caesar has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

## COUNT III
## Unfair Competition

54. The allegations of paragraphs 1 through 53 are hereby incorporated by reference.

55. The use in commerce of Little Caesar's trademarks, trade name, and trade dress by the Phillipses outside the scope of the Franchise Agreement and without the consent of Little Caesar is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of their goods, services, or commercial activities. Such unauthorized use of Little Caesar's trademarks and trade name violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and applicable state law.

56. The acts of the Phillipses were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

57. As a direct and proximate result of the Phillipses' actions, Little Caesar has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

## COUNT IV
## Trade Dress Infringement

58. The allegations of paragraphs 1 through 57 are hereby incorporated by reference.

59. The Phillipses' restaurants are identified by signs, exterior appearance, packaging, containers, and other items on which the Little Caesar proprietary marks appear in the same distinctive style and color scheme as Little Caesar uses for the pizza restaurants operated by Little Caesar licensees.

60. The Phillipses' use of trade dress that is identical or confusingly similar to the Little Caesar trade dress outside the scope of the Franchise Agreement constitutes a false designation of the origin of the Phillipses' restaurants, which is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of the Phillipses' restaurants with the Little Caesar restaurants operated by Little Caesar licensees. Such adoption of Little Caesar's trade dress violates Section 43 of the Lanham Act, 15 U.S.C. § 1125, and the common law.

61. The Phillipses' acts were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

62. As a result of the Phillipses' actions, Little Caesar has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Enter a declaratory judgment holding that the Phillipses' conduct violated the terms of the Franchise Agreement and the Settlement Agreement;

B. Enter an order enjoining the Phillipses, and all those acting by, through, or in concert with them, by preliminary and permanent injunction, from using the Little Caesar trademarks, trade names, and trade dress and from otherwise engaging in unfair competition with Plaintiffs;

C. Enter an injunctive order directing the Phillipses, and all those acting by, through, or in concert with them, to comply with all of their post-termination obligations as provided in the Franchise Agreement, including, but not limited to, complying with the covenant not to compete contained in the Franchise Agreement, promptly paying all sums owed to Plaintiffs;

D. Enter judgment in favor of Plaintiffs for the damages they have suffered as a result of the Phillipses' conduct, plus prejudgment interest allowed by law;

E. Award Plaintiffs judgment against the Phillipses for the damages Plaintiffs have sustained and the profits the Phillipses have derived as a result of their trademark infringement, trade dress infringement, and unfair competition, and assessing such damages in a separate accounting procedure, in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

F.  Award Plaintiffs their costs and attorneys' fees incurred in connection with this action, pursuant to the Franchise Agreement, the Settlement Agreement, and Section 35 of the Lanham Act, 15 U.S.C. § 1117, including the costs incurred in conducting any and all necessary inspections; and

G.  Award Plaintiffs such other relief in Plaintiffs' favor as this Court may deem just and proper.

Respectfully submitted,

/s/ Larry J. Saylor
Larry J. Saylor (P28165)
Kimberly A. Berger (P56165)
MILLER, CANFIELD, PADDOCK
    & STONE P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, MI  48226
Telephone:(313) 496-7986
Facsimile:(313) 496-8454
saylor@millercanfield.com
berger@millercanfield.com

Robert L. Zisk
Stephen J. Vaughan
GRAY, PLANT, MOOTY, MOOTY
    & BENNETT, P.A.
The Watergate – Suite 700
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
Telephone:(202) 295-2200
Facsimile:(202) 295-2250
robert.zisk@gpmlaw.com
stephen.vaughan@gpmlaw.com

Dated:  December 20, 2018    *Attorneys for Plaintiffs*

32645988.1\053322-00055